HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7
8

JOSEPH REPAR,                              CASE NO. C15-5269 RBL

9
                           Plaintiff,       ORDER ON MOTION TO DISMISS

10
            v.                              [Dkt. #8]

11
CENTRAL KITSAP FIRE & RESCUE,

12
                           Defendant.

13

14          THIS MATTER is before the Court on Defendant Central Kitsap Fire and Rescue's

15   Motion to Dismiss under Rule 12(c) (Judgment on the Pleadings) [DKT. #8].  The case involves

16   Plaintiff Joseph Repar's breach of contract and FLSA claim for unpaid overtime and lunch

17   breaks. CKFR claims that Repar's claims are fatally flawed because he failed to exhaust the

18   administrative remedies available to him under his union's Collective Bargaining Agreement.

19          CKFR correctly notes that because his FLSA claim necessarily depends on his CBA

20   claim, it too is subject to the exhaustion requirement:

21          Repar's FLSA claim is factually indistinct from his breach of contract claim. He
            contends that CKFR failed to adhere to the CBA terms in the way that it
22          calculated his overtime, provided him with an uncompensated lunch break, and
            handled his Floating Holiday benefit. Because his FLSA claim is "essentially on
23          the contract," and because he failed to exhaust the contractual grievance process,
            his FLSA claim must be dismissed.

24

[Defendant's Motion, Dkt. # 8, at 10]

Repar argues that his statutory FLSA claims do not require exhaustion, and that even if they do, his union "refused" to process his grievance, thus relieving him of his exhaustion obligation.  CKFR argues that Repar's claim that the union's "refusal" to process his grievance was "wrongful" is insufficient as a matter of law.  They claim that he must allege (and ultimately prove) that his union's decision was arbitrary, discriminatory, or in bad faith.

Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face.  *See Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c) motion.  *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted).  This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*).

1   Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c)

2   is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to

3   motions brought under either rule.  *Cafasso, U.S. ex rel. v.  General Dynamics C4 Systems, Inc.*,

4   647 F.3d 1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192

5   (9th Cir.1989).

6   The corrective for a failure to adequately plead is leave to amend, not outright dismissal,

7   unless the defect cannot be cured.  "A district court should grant leave to amend even if no

8   request to amend the pleading was made, unless it determines that the pleading could not

9   possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection*

10  *Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).  However, where the facts are not in dispute, and the

11  sole issue is whether there is liability as a matter of substantive law, the court may deny leave to

12  amend.  *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

13  CKFR argues primarily that Repar "failed to allege" that his union's failure to process his

14  grievance was "arbitrary, discriminatory, or in bad faith":

15      A union's refusal or failure to file a grievance is not enough to excuse a plaintiff
        from the exhaustion requirement; rather, the plaintiff must prove that the union's
16      conduct was "arbitrary, discriminatory or in bad faith." As Mr. Repar does not
        **allege** such conduct by the Union with respect to his grievance, the breach of
17      contract claim must be dismissed.

18

19  [Defendant's Reply, Dkt. #13 at 1 (emphasis added)]  This argument implicitly concedes that

20  Repar *could have* so pled.  His failure to do so does not warrant dismissal; it warrants an

    opportunity to amend his complaint.
21

22

23

24

1   The Motion to Dismiss [Dkt. #8] is DENIED, conditioned upon plaintiff filing an

2 amended complaint addressing and remedying this pleading defect within 21 days of this order.

3   IT IS SO ORDERED.

4   Dated this 26th day of August, 2015.

5

6               _____

7               Ronald B. Leighton
                United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

[DKT. #8] - 4